IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANGELA POWELL,**                                                           3:13-cv-1216-AC

                  Plaintiff,                                          ORDER ON
                                                                 OBJECTIONS TO EXHIBITS

      v.

**SYSTEM TRANSPORT, INC., and**
**DANNY CANADY,**

                  Defendants.

ACOSTA, Magistrate Judge:

       This order resolves Plaintiff Angela Powell's ("Plaintiff") and Defendants System Transport, Inc., and David Canady's ("Defendants") respective objections to each other's exhibits. The court also has issued a separate order containing its rulings on the parties' respective motions in limine. In the event of a conflict between this order and the court's ruling on the parties' motions in limine, the court's motion in limine rulings control.

\\\\\

ORDER ON OBJECTIONS TO EXHIBITS     1

### Plaintiff's Exhibits

Exhibit 2:

**RULING: SUSTAINED.**

Plaintiff does not oppose this objection.

Exhibit 11:

**RULING: SUSTAINED.**

Plaintiff does not oppose this objection.

Exhibits 12-14, 16-18:

**RULING: SUSTAINED.**

Dr. Buist will testify to the results of Plaintiff's tests, as contained in these exhibits. Plaintiff's only argument to support admitting both the exhibits and Dr. Buist's testimony is the exhibits will make easier the jury's ability to understand what Dr. Buist will say. Plaintiff's Reply to Defendants' Objections to Exhibits ("Pltf.s' Reply") at 2. That argument is not sufficient to overcome Defendants' cumulative objection, especially because Plaintiff has not demonstrated how or in what particulars Dr. Buist's testimony will be potentially confusing and difficult such that the jury must also have these exhibits.

Exhibits 19-23, 25-26:

**RULING: SUSTAINED in part, OVERRULED in part.**

Defendants do not object to some photographic evidence of Plaintiff's pre-accident appearance, but object primarily to these exhibits as the number of such photographs Plaintiff offers are cumulative and an attempt to improperly appeal to the jury's sympathy. Plaintiff may choose three of the seven photographs to use as exhibits at trial.

Exhibit 24:

**RULING: SUSTAINED in part, OVERRULED in part.**

The court's ruling on Defendants' Motion in Limine No. 10 allows into evidence certain information about the accident. The interrogatory answers that comprise this exhibit, however, contain more information than allowed by the court's ruling, and more information than relevant or necessary in this admitted liability case. Thus, Defendants' objection is sustained. Plaintiff proposes as an alternative to her exhibit stipulated facts describing the accident. (*See* Pltf.'s Reply at 2-3). The stipulated facts are consistent with the court's ruling on Defendants' Motion in Limine No. 10 and may be used at trial. Plaintiff's objection to Defendants' Exhibit 122 is address below.

Exhibits 27-29:

**RULING: SUSTAINED in part, OVERRULED in part.**

The charts that comprise these exhibits are not admissible as evidence. They may be used, however, for demonstrative purposes during Katharyn Thompson's trial testimony. *See also* the court's rulings on Defendants' Motions in Limine Nos. 5, 6, and 7.

Exhibit 30:

**RULING: SUSTAINED.**

Plaintiff does not oppose this objection.

Exhibit 31:

**RULING: DEFERRED TO TRIAL.**

Exhibit 31 is a handwritten from Plaintiff to her employer in which she explains her then-current medical condition. Plaintiff claims Defendants will argue Plaintiff never intended to return to work and the note is evidence that in fact she did. The exhibit is excluded until such time, if ever,

that Defendants argue or introduce evidence to support their theory that Plaintiff did not intend to return to work following the accident.

### Defendant's Exhibits

Exhibit 109:

**RULING: SUSTAINED.**

Exhibit 112:

**RULING: SUSTAINED.**

Exhibit 115:

**RULING: OVERRULED.**

Exhibit 116:

**RULING: OVERRULED.**

Exhibit 122:

**RULING: DEFERRED TO TRIAL.**

The photograph is relevant but must be authenticated before it will be admitted. See also Ruling on Plaintiff's Exhibit No. 24.

IT IS SO ORDERED.

DATED this 7th day of May, 2014.

JOHN V. ACOSTA
United States Magistrate Judge