IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANGELA POWELL**                                                          3:13-cv-1216-AC

                              Plaintiff,                                        ORDER

          v.

**SYSTEM TRANSPORT, INC., and
DANNY CANADY**,

                              Defendants.


ACOSTA, Magistrate Judge:

       This Order resolves the concerns stated in Defendants' May 10, 2014, email to the court

regarding the three issues discussed below and Plaintiff's May 11, 2014, response email.  (A copy

of the Defendants' email, with attachment, and of Plaintiff's email is filed with this Order.)

Defendants' counsel submitted their email to the court and Plaintiffs' counsel on Friday, May 9, at

5:46 p.m.  On Saturday, May 10, at 7:30 a.m. the court directed Plaintiff's counsel to submit a

response to Defendants' counsel's email by 2:00 p.m. on that same day.  Plaintiff's counsel

ORDER                                          1

submitted a response email at 3:37 p.m. and the court has considered it.

## 1. Dr. McGehee's Testimony:

Defendants object to portions of the revised deposition excerpts Plaintiff submitted for Dr. McGehee in response to the court's May 7 orders ruling on the parties' respective motions in limine and objections to witnesses and exhibits. In its Order on Objections to Witnesses (Dkt. No. 78), at page 3, the court sustained Defendants' objection to testimony by Dr. McGehee regarding the cause or source of any PTSD Plaintiff alleges she suffers from. In his deposition Dr. McGehee also testified:

> MR. BARTON : All right. So the opinions that you've given today with respect to PTSD are related to opinions or conclusions that you believe came from Dr . Buist; is that correct?
>
> THE WITNESS: That is correct.
>
> MR. BARTON: All right. I'll renew my motion to strike. Thank you.
>
> THE WITNESS: I don't have the specific clinical training as it relates to those areas, as I wouldn't want Dr. Buist specifically diagnosing one of my patients with a fracture of some kind, something along those sorts.

Dr. McGehee clearly stated he has no specific clinical training in the area of PTSD, but record shows that in the challenged excerpts he is not expressing his opinion on PTSD and not testifying based on information gained after he stopped treating Plaintiff. Instead, as Plaintiff's counsel points out, Dr. McGehee is referring to information contained in his contemporaneous chart note, which note Plaintiff marked as an exhibit and to which Defendants asserted no objection.

The court previously ruled that Plaintiff's treating doctors, including Dr. McGehee, may not express opinions based on information obtained after their treating relationship with Plaintiff ended, and may not express opinions on causation if their treatment notes did not contain such a conclusion.

ORDER                                              2

*See* Order on Motions in Limine (Dkt. No. 77) at 5-8. To the extent that Dr. McGehee is testifying to information contained in his treating chart notes, that testimony is admissible and excerpts containing that testimony may be shown to the jury. However, consistent with the court's Motion in Limine rulings and with Dr. McGehee's acknowledgment that he is not trained in the area of PTSD, he may not express independent opinions on that topic and, thus, excerpts containing any such testimony may not be shown to the jury.

## 2. Objection Colloquies:

Defendants object to Plaintiff's inclusion in her revised deposition excerpts for Dr. McGehee of an objection colloquy between counsel. The colloquy concerns medical insurance and arose from Dr. McGehee's testimony that he included in his chart notes references to insurance. In ruling on parties' respective objections to deposition designations, the court ordered "Plaintiff shall correct her deposition excerpts to include Defendants' cross-examination and exclude objections and objection colloquies of counsel. *See* Order on Deposition Designations (Dkt. No. 80) at 2. Plaintiff states the colloquy was inadvertently included in the final excerpts, and proposes turning down the sound during that brief exchange as an alternative to incurring the expense of recopying the entire deposition excerpt. That suggestion is a reasonable one, given the circumstances.

Accordingly, the objection colloquy appearing at page 48, lines 9-15, is ordered EXCLUDED. Rather than require Plaintiff to recopy the DVD of Dr. McGehee's testimony, Plaintiff's counsel is ordered to turn down the sound during the colloquy. The court will advise the jury that the action is to ensure compliance with a prior ruling by the court.

## 3. Plaintiff's Exhibit No. 24:

Defendants object to Plaintiff's continued inclusion of Exhibit 24, which is a complete copy

ORDER                                                          3

of Defendants' answers to interrogatories. Plaintiff responds that Defendants claim the truck involving in the accident was loaded with insulation at the time but that Plaintiff herself will testify the truck was loaded with lumber.

In ruling on Defendants' objections to Plaintiff's exhibits, the court sustained in part and overruled in part Defendants' objections to this exhibit. *See* Order on Objections to Exhibits (Dkt. No. 79) at 3. Specifically, the court found that although Defendants have admitted liability in this case, certain facts about the accident are relevant to the jury's determination of damages. *Id.* As its ruling on this objection, the court adopted Plaintiff's proposed resolution, made in response to Defendants' objection, to substitute for Exhibit 24 a set of stipulated facts about the accident. *Id.* Plaintiff now apparently has rethought her alternative proposal and wishes to use Exhibit 24.

The only relevant information Exhibit 24 contains are found in questions 2, 3, 4, 5, and 7, and the answers to each of those questions. None of the other eight interrogatories and accompanying answers are relevant to the issues the jury must decide in this admitted liability case. Accordingly, Plaintiff may use the stipulated facts previously authorized by the court or, as an alternative, introduce Exhibit 24 in redacted form to include only questions 2, 3, 4, 5, and 7, and the answers to those questions. The original Exhibit 24 is ordered EXCLUDED and Plaintiff is ordered to remove it from her exhibit binder, and to not show the exhibit to the jury at trial.

### 4. Plaintiff's Exhibits 27, 28, and 29:

Defendants object to these exhibits' continued inclusion in Plaintiff's exhibit binders because the court excluded them in its Order on Objections to Exhibits (Dkt. No. 79), at page 3. Plaintiff responds she will provide revised versions of the exhibits that do not contain the information to which Defendants object. She states she has not yet been able to do so because of the unavailability

ORDER                                    4

of her expert.

Plaintiff must use at trial revised versions of Exhibits 27, 28, and 29 that conform to the court's prior ruling on these exhibits.  She is to provide the revised versions to court and counsel as soon as possible.  The original Exhibits 27, 28, and 29 are ordered EXCLUDED and Plaintiff is ordered to remove them from her exhibit binder, and to not show them to the jury at trial.

IT IS SO ORDERED.

DATED this _____ day of May, 2014.

JOHN V. ACOSTA
United States Magistrate Judge

ORDER                                    5